820 F.2d 1220
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Harvey Nelson WALKER, Jr., Appellant,
v.
BALTIMORE AIRCOIL COMPANY, INC., a Delaware corporation,
James R. Kieselhorst (individually and as
employee/servant/agent of Baltimore Aircoil Co., Inc.),
Donald Duncin (individually and as employee/servant/agent of
Baltimore Aircoil Co., Inc.), Appellees.
 No. 86-3958.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 7, 1987.
Decided June 8, 1987.
 
 Before RUSSELL, WIDENER and CHAPMAN, Circuit Judges.
 Blaine A'MMon White (Mitchell, Mitchell & Mitchell, on brief), for appellant.
 Mary E. Pivec (Leonard E. Cohen; Jeffrey Rockman; Frank, Bernstein, Conaway & Goldman, on brief), for appellees.
 PER CURIAM:
 
 
 1
 Harvey N. Walker, Jr. appeals from a summary judgment on res judicata grounds in this action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000(e), et seq. We affirm.
 
 
 2
 On April 5, 1984, Walker filed suit in the United States District Court for the District of Maryland against the defendants, Baltimore Aircoil Company (BAC), James Kieselhorst, Donald Duncin and Invesco, Inc., a private detective agency, in a civil action entitled Walker v. Baltimore Aircoil Company, et al, No. HM-84-1368 ("Walker I"). In that suit, Walker alleged the following injuries arising out of his employment and termination at BAC: defamation; abusive discharge; invasion of privacy; false imprisonment; negligent infliction of emotional distress; and intentional infliction of emotional distress. Trial of the action resulted in a verdict for Walker on the issues of abusive discharge and negligent infliction of emotional distress. The jury determined by special interrogatory that the "only" reason for Walker's discharge was his refusal to take a lie detector test. On appeal, this court vacated the award of damages against BAC for negligent infliction of emotional distress and affirmed in all other respects a judgment for the plaintiff in the amount of $86,000. Walker v. Baltimore Aircoil Co., No. 85-1324 (May 8, 1986) (unpublished).
 
 
 3
 On July 18, 1985, Walker filed the instant lawsuit against defendants BAC, Kieselhorst and Duncin in the same court and alleged acts of discrimination on the basis of race and sex occurring during his employment at BAC. Specifically, Walker alleged that the defendants discriminated against him with respect to his initial placement at BAC; the denial of a promotion; racial slurs; work assignments; performance evaluations; pay rates; initial training; and his termination.
 
 
 4
 The district court ruled that the doctrine of res judicata barred Walker from litigating under Title VII because Walker could have raised the claim in his earlier federal court action, and because the two cases arose from a common nucleus of operative facts. Accordingly, the district court granted summary judgment in favor of the defendants, and this appeal followed.
 
 
 5
 Here, it is clear that Walker could have raised his Title VII claim in Walker I. On May 16, 1983, the plaintiff filed a charge of discrimination with the Maryland Commission on Human Relations, alleging that he was a victim of race and sex discrimination. At that time, Walker indicated that he wanted the charge to be filed with the Equal Employment Opportunity Commission (EEOC). Walker's initial suit was then filed in April 1984, so plaintiff concedes, as he must, that he could have brought the Title VII claim along with his initial lawsuit in Walker I.[1] Thus, there is no question that Walker was able to litigate his Title VII claim in Walker I. We note further that in Walker I plaintiff introduced evidence which tended to show that he was a victim of discrimination. In fact, in his brief in the case now before us, Walker states that he intends "to use the facts established in Walker I as a basis for his Title VII case." That statement underscores the fact that these cases could have and should have been brought together.
 
 
 6
 Walker claims that this case and Walker I raise separate and distinct claims and therefore res judicata should not apply. But the rule is otherwise. The Court has stated that "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). Because the Title VII issues presented here could have been raised in Walker I, they are precluded from consideration on their merits in this case.
 
 
 7
 The judgment of the district court is accordingly
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 The substantial verdict awarded plaintiff and the jury's answer to the interrogatory in Walker I, that the "only" reason for Walker's discharge was his refusal to take a lie detector test, may well explain the attempt to pursue two different suits